UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLYN M. STRASBURG,

          Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

          Defendant.

Case No. C17-1025 RBL

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

Carolyn M. Strasbourg appeals the ALJ's decision finding her not disabled. She contends the ALJ misevaluated the medical evidence and her testimony and that the Court should remand the matter for an award of benefits or for further proceedings. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## **THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Ms. Strasbourg has not engaged in substantial gainful activity since March 31, 2013.

**Step two:** Post-traumatic Stress Disorder (PTSD), depressive disorder, anxiety disorder, and alcohol dependence are severe impairments.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 1

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Ms. Strasbourg can perform the full range of work at all exertional levels subject to several non-exertional or mental limitations.

**Step four:** Ms. Strasbourg cannot perform past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Ms. Strasbourg can perform, she is not disabled.

Tr. 27-38. The Appeals Council denied plaintiff's request for review making the ALJ's decision the Commissioner's final decision. Tr. 1.[3]

## DISCUSSION

**A.     The ALJ's Evaluation of the Medical Evidence**

Ms. Strasbourg contends the ALJ failed to consider the record as a whole. Dkt. 13 at 4. There is no indication the ALJ failed to do so and the Court rejects this unfounded contention. Ms. Strasbourg also suggests the ALJ impermissibly focused on certain portions of the evidence. *Id.* at 5. She provides nothing in support other than arguing the ALJ erroneously rejected the opinions of three doctors and her testimony. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving all other ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). This is what the ALJ properly did here in giving some evidence more weight and some less. While the Court must examine the entire record, it cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

---

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

Ms. Strasbourg also contends the ALJ erroneously failed to account for all limitations assessed by Sylvia Thorpe, Ph.D., Douglas Uhl, Psy.D.[4], and Anselm Parlatore, M.D. Dkt. 13 at 5. The ALJ must give clear and convincing reasons to reject the opinions of these doctors because he did not find they were contradicted by the opinions of another doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). The Court rejects the Commissioner's claim a lesser standard applies. Dkt. 15 at 2, n. 2. *See Garrison v. Colvin,* 759 F.3d 995, 1015 n. 18 (9th Cir. 2014) (rejecting Commissioner's argument the Court should apply a standard lower than clear and convincing in reviewing ALJ's evaluation of claimant's testimony.)

### *1.    Dr. Thorpe*

Ms. Strasbourg argues the ALJ accorded great weight to Dr. Thorpe's opinions but erroneously failed to account for her opinion that Ms. Strasbourg is markedly limited in her ability to "complete a normal workweek without symptoms." Dkt. 13 at 5. The argument is unpersuasive. Dr. Thorpe did not opine Ms. Strasbourg was permanently unable to complete a normal workweek. Is she did, Ms. Strasbourg is right the ALJ omitted a significant limitation. But the doctor did not. Instead, as the ALJ correctly notes, the doctor indicated "the claimant's current impairments were primarily a result of substance use in the previous 60 days although they would persist at a much lower level without it, and that the claimant would be expected to work after six months of treatment." Tr. 34 (citing Tr. 332). The ALJ accepted this opinion in adopting Dr. Thorpe's assessment and found with treatment Ms. Strasbourg would be able to work in less than 12 months. *Id.* As the ALJ's finding is supported by a plain reading of the doctor's opinion, the Court affirms the ALJ's treatment of Dr. Thorpe's opinions.

---

[4] Appears as Dr. "Uhi" in the ALJ's decision. Tr. 35

### *2. Drs. Uhl and Parlatore*

The ALJ rejected the opinions of Drs. Uhl and Parlatore that Ms. Strasbourg is severely limited in her ability to perform within a schedule, maintain regular attendance, be punctual without special supervision, learn new tasks and adapt to workplace changes, ask simple questions, communicated and complete a normal workweek. Tr. 35-36. The ALJ found these limitations are inconsistent with Ms. Strasbourg's significant work-related activity, positive social interactions, activities of daily living and unremarkable mental status examination findings. Tr. 36.

The Commissioner correctly notes Ms. Strasbourg fails to challenge the reasons the ALJ gave to reject the doctors' opinions. Ms. Strasbourg bears the burden the ALJ harmfully erred. She fails to meet that burden by failing to present any argument in support of her claims. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Additionally, claims that are unsupported by explanation or authority may be deemed waived. *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at * 2 (unpublished opinion) (citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)).

In any event, the record establishes the ALJ gave at least one valid reason to discount the doctors' opinions. The ALJ found Ms. Strasbourg work history shows she is less limited than the doctors found. In specific, the ALJ noted Ms. Strasbourg's employer, regarding a job she left in 2014, indicated Ms. Strasbourg "reported for work as scheduled, no problem completing her duties as a bookkeeper or finding parts, followed instructions, worked well with supervision and on her own, and got along well with coworkers and her supervisor." Tr. 33. The Court cannot say

ORDER AFFIRMING THE COMMISSIONER AND
DISMISSING THE CASE - 4

the ALJ unreasonably found this evidence contradicts the opinions of the doctors and accordingly affirms the ALJ's assessment of Drs. Uhl's and Parlatore's opinions.

**B.      The ALJ's Evaluation of Ms. Strasbourg's Testimony**

In evaluating a claimant's testimony, the ALJ must first determine whether the claimant's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms. *See* 20 C.F.R. § 404.1529. If so, the ALJ next evaluates the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity for work. *See Id.* If there is no evidence of malingering, the ALJ may reject the claimant's testimony about the severity of the symptoms only by making specific findings stating clear and convincing reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). The ALJ utilized the above process in evaluating Ms. Strasbourg's testimony. Tr. 30.

The ALJ may consider "ordinary techniques of credibility evaluation" including the claimant's reputation for truthfulness, inconsistencies in her testimony or between her testimony and conduct, her daily activities, work record, and testimony from physicians and third parties regarding the nature, severity, and effect of the symptoms of which claimant complains. *Smolen*, 80 F.3d at 1284. Applying these techniques the ALJ gave at least one valid reason to discount Ms. Strasbourg's testimony. The ALJ found Ms. Strasbourg made inconsistent statements about her ability to work. Tr. 32. In July 2014, she reported to her medical provider she last worked in 2007. *Id.* (citing Tr. 381). In March 2014, she reported she last worked in January 2014. *Id.* (citing Tr. 413).

The ALJ also found Ms. Strasbourg's claim she cannot remember or process words is inconsistent with the medical record that shows she is cognitively intact. Tr. 32. In fact. Dr. Parlatore, upon whom she places great weight, opined Ms. Strasbourg has "the ability to reason

and understand. Her memory, concentration, pace, persistence are organically/cognitively intact." Tr. 336. The ALJ gave other reasons to discount Ms. Strasbourg's testimony. The Court, however, need not determine whether the ALJ erred in these respects because any error would not negate the validity of the overall credibility determination and thus would be harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

## CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

DATED this 27th day of February, 2018.

Ronald B. Leighton
United States District Judge